### ASAPH CHURCHILL *versus* JOSHUA LORING.

In a writ of entry by a mortgagee, it appeared, that the defendant lived on the land with the mortgagors, who were his sons and were blind, and that he was the only manager and efficient agent on the premises, cultivating and improving the same. It was *held*, that the defendant was not a tenant of the land, and was not liable to the action.

THIS was a writ of entry, in common form, making no allusion to a mortgage. The defendant filed a brief statement of facts, which he proposed to prove under the general issue of *not guilty* ; (see 55th Rule of Court ;) and the parties agreed upon the following statement of facts : —

That the land demanded was conveyed to the plaintiff, in November 1832, by a deed of mortgage, to secure the payment of $3000 and interest, for which sum a note was given signed by J. J. Loring, J. F. Loring and W. L. Loring, the grantors in the deed, (who appear on record to be tenants in fee of the premises,) and also by the defendant, payable in one year from date ; which time had elapsed before the action was commenced ; that the parties to the note had all lived together on the premises long before and ever since the execution of the mortgage and note ; and that the defendant is the father of the mortgagors, and is the only manager and efficient agent on the premises, cultivating and improving the same, the mortgagors being feeble and blind.

If, on the above statement, the Court should decide that the plaintiff could not support his action against the defendant, a nonsuit was to be entered.

Churchill
v.
Loring.

Jan. 16th,
1838,
at Boston.

*Churchill*, pro se, cited *Proprs. of No. Six* v. *M'Farland*, 12 Mass. R. 327 ; *Keith* v. *Swan*, 11 Mass. R. 216 ; *Olney* v. *Adams*, 7 Pick. 32.

*Buttrick*, for the defendant, cited Revised Stat. *c*. 107, § 4 ; *Codman* v. *Winslow*, 10 Mass. R. 146 ; *Commonwealth* v. *Dudley*, 10 Mass. R. 403.

WILDE J. afterward drew up the opinion of the Court. At the trial of this case, on the general issue, the defendant offered to prove that he was not tenant of the freehold and had no estate in the demanded premises ; but that the title and possession were in third persons. The plaintiff objected to the admission of this evidence, but it was admitted by the presiding judge, and if the evidence offered amounted to a legal defence, it was clearly admissible by *St.* 1836, *c*. 273, § 1, in which it is enacted, that in every civil action "all matters of law or of fact in defence of such action may be given in evidence under the general issue, and no other plea in bar of such action shall be pleaded." The question then is, whether the facts proved or admitted amount to a legal defence ; and we think they do. Before the statute, non-tenure might be pleaded in bar to a writ of entry, and the facts admitted would support such a plea.

The defendant was a mere agent of his three sons who mortgaged the premises to the demandant ; and he neither had, nor claimed to have, any interest therein, and in no sense can he be considered as a tenant. The plaintiff relies upon a distinction between an action on a mortgage, and a common writ of entry, on the authority of *Keith* v. *Swan*, 11 Mass. R. 216, wherein it is said, that in an action on a mortgage the right to the freehold is not decided, and that any person in possession of the mortgaged premises is liable to the action of the mortgagee. But the defendant in this case was not in possession ; he was an agent only of the mortgagors and the possession was in them. And besides, by the Revised Stat. *c*. 107, § 4, it is provided, that if an action is brought against any person in possession not entitled to hold or claim the premises under the mortgagor, the defendant is not entitled to a conditional judgment, unless with consent of the plaintiff in the action, but the suit shall be conducted, in all respects, like a writ of entry

If, therefore, in such an action, the defendant does not move for a conditional judgment, or the plaintiff does not consent to the same, the action must be governed in every stage of it, by the principles of law applicable to a common writ of entry. We do not, however, consider this alteration of the law material in the present case, for it is clear, we think, that the defendant was not in possession of the demanded premises, and, before the Revised Statutes, would not have been liable to an action in favor of the mortgagee. The possession was clearly in the mortgagors, and the action should have been brought against them.

*Plaintiff nonsuit.*